UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
HDI-GERLING AMERICA INSURANCE           Civil Action No.
COMPANY, as successor in interest to
Gerling America Insurance Company,

                Plaintiff-Respondent,           State Court Index No.:
                                                 I2010-008710
  -against-

                                                 **NOTICE OF REMOVAL**
LIBERTY MUTUAL INSURANCE
COMPANY,

                Defendant-Petitioner.
-------------------------------------------------------------x

# M A D A M S/S I R S:

        Defendant-Petitioner LIBERTY MUTUAL INSURANCE COMPANY ("Liberty Mutual"), by its attorneys, JAFFE & ASHER LLP, respectfully alleges as follows:

        1.    On or about August 23, 2010, Liberty Mutual was served with a Summons and Complaint in an action entitled <u>HDI-Gerling America Insurance Company, as successor in interest to Gerling America Insurance Company v. Liberty Mutual Insurance Company</u>, Index No. I-2010-8710, which was commenced on August 13, 2010 in the Supreme Court of the State of New York, County of Erie.

        2.    The Complaint asserts two causes of action. The first cause of action seeking a declaratory judgment regarding Liberty Mutual obligation to defend and indemnify plaintiff-respondent HDI-GERLING AMERICA INSURANCE COMPANY's ("HDI") insured, New York State Thruway Authority, for an underlying action brought by R.L. Floyd. The second cause of action seeks recovery of previously incurred defense

costs. A copy of the Summons and Complaint is annexed hereto as Exhibit "1".

3. A index of all documents filed in the State Court action is annexed hereto as Exhibit "2".

4. The Notice of Removal is being filed by Liberty Mutual within thirty (30) days of the service of the Summons and Complaint and is timely filed pursuant to 28 U.S.C. § 1441, 1446.

5. Liberty Mutual's time to move, answer, or otherwise respond to the Complaint has not expired.

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332; the amount in controversy exceeds $75,000.00 and plaintiff and defendant are citizens of different states.

7. Upon information and belief, at all relevant times, HDI was, and still is, a corporation duly organized under the laws of the State of Illinois, with its principal place of business located at 150 N. Wacker Drive, 29th Floor, Chicago, Illinois 60606.

8. At all relevant times, Liberty Mutual was, and still is, a stock insurance company organized under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts.

9. Written notice of the filing of the Notice of Removal shall be given to adverse parties, and Liberty Mutual shall file the notice with the Clerk of the Supreme Court of the State of New York, County of Erie, as required by law.

10. Liberty Mutual has not answered, moved, or otherwise responded to the Complaint, and no other proceedings have occurred heretofore in this action.

11. No previous application for the relief requested herein has heretofore been made.

**WHEREFORE,** defendant-petitioner Liberty Mutual respectfully requests that this action be removed to this Court.

Dated: New York, New York
September 10, 2010

Yours, etc.,

JAFFE & ASHER LLP

By:_____
   Marshall T. Potashner, Esq.
Attorneys for Defendant-Petitioner
LIBERTY MUTUAL INSURANCE COMPANY
600 Third Avenue, 9th Floor
New York, New York  10016
(212) 687-3000

# EXHIBIT 1

STATE OF NEW YORK
SUPREME COURT : ERIE COUNTY
================================

HDI-GERLING AMERICA INSURANCE
COMPANY, as successor in interest to Gerling
America Insurance Company,

                    Plaintiff,              **SUMMONS**
                                              Index No: I___ 008710

v.

LIBERTY MUTUAL INSURANCE
COMPANY
13 Riverside Road
Weston, MA 02493

                    Defendants.
================================

To the above-named Defendant:

    YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with a Summons, to serve a Notice of Appearance, on the plaintiff's attorneys' within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

    Erie County is designated as the place of trial. The basis of the venue is designation made by plaintiff.

DATED:    Buffalo, New York
                 August 12, 2010

                                        KENNEY SHELTON LIPTAK NOWAK LLP

                                        _/s/ James J. Duggan_
                                        James J. Duggan, Esq.
                                        Attorneys for Plaintiff
                                        Suite 570 Rand Building
                                        14 Lafayette Square
                                        Buffalo, New York 14203
                                        (716) 853-3801

STATE OF NEW YORK
SUPREME COURT : ERIE COUNTY

HDI-GERLING AMERICA INSURANCE
COMPANY, as successor in interest to Gerling
America Insurance Company,

                              Plaintiff,             COMPLAINT
                                                    Index No:

v.

LIBERTY MUTUAL INSURANCE
COMPANY,

                              Defendants.

      Plaintiff HDI-Gerling America Insurance Company, as successor in interest to Gerling America Insurance Company, ("HDI-Gerling") by and through its attorneys Kenney Shelton Liptak Nowak LLP, for its complaint in this action, alleges upon information and belief:

      1.     HDI-Gerling is an Illinois corporation authorized to transact certain insurance business in New York.

      2.     Liberty Mutual Insurance Company ("Liberty") is a Massachusetts corporation authorized to transact certain insurance business in New York.

      3.     On or about August 18, 1997, The New York State Thruway Authority ("NYSTA") entered into a written agreement with KTA-Tator Engineering, P.C. ("KTA") entitled "Engineering Agreement For Construction Inspection" ("the agreement") in connection with the cleaning and painting of the Grand Island Bridge ("the project").

1

4. Pursuant to the agreement, KTA was obligated to procure general liability insurance with coverage for bodily injury liability and property damage liability with limits of liability of at least $1 million, and name NYSTA as an insured under the liability policy.

5. Liberty issued a commercial general liability policy to KTA (Policy No. YY7-181-015293-119/8) for the period May 14, 1999 to May 14, 2000 ("the GL policy"), which provided additional insured coverage to NYSTA for bodily injury liability.

6. Pursuant to the agreement, KTA was also obligated to procure protective liability insurance for the benefit of NYSTA.

7. Liberty issued KTA an owners and contractors' protective liability policy (Policy No. TF1-181-015293-357) in effect on September 27, 1999 which identified NYSTA as an insured ("the OCP policy"), and provided coverage to NYSTA for bodily injury liability.

8. HDI-Gerling issued an Owners and Contractors Protective Liability policy to The People of the State of New York in effect on September 27, 1999 ("the Gerling policy)".

9. On September 27, 1999, R.L. Floyd ("Floyd") was allegedly injured while in the course of his work on the project (the "underlying accident").

10. In or about November 2001, Floyd commenced an action against NYSTA in the New York Court of Claims captioned <u>R.L. Floyd v. New York State Thruway Authority</u>, (Claim No. 10526) (the "underlying action") seeking damages in connection with his alleged injuries sustained as a result of the underlying accident.

11. The complaint in the underlying action alleges, *inter alia*, ordinary negligence based upon tortious acts by KTA.

12. Given that NYSTA is an insured under the Gerling policy, HDI-Gerling retained and paid counsel to defend NYSTA in connection with the underlying accident and action.

13. As part of its defense to the underlying action, NYSTA commenced an action against KTA in New York Supreme Court, Erie County, captioned <u>New York State Thruway Authority v. KTA-Tator Engineering Services, Inc.</u>, (Index No. I-2004-1115) ("the NYSTA-KTA action") seeking contribution and indemnification in connection with the underlying accident and action.

14. Upon information and belief the underlying action and the NYSTA-KTA action remain pending.

15. HDI-Gerling timely tendered NYSTA's defense in connection with the underlying accident, claim, and suit(s) to Liberty under the OCP policy.

16. By letter dated February 16, 2006, Liberty acknowledged that NYSTA was an insured under the OCP policy but disclaimed any obligation to defend or indemnify NYSTA under the OCP policy in connection with the underlying accident, claim or suit(s).

17. HDI-Gerling timely tendered NYSTA's defense in connection with the underlying accident, claim, and suit(s) to Liberty under the CGL policy.

18. By letter dated April 16, 2008, Liberty disclaimed any obligation to defend or indemnify NYSTA in connection with the underlying accident, claim or suit(s) under the CGL policy, based upon the CGL policy's exclusion titled, "Exclusion -

Engineers, Architects or Surveyors Professional Liability Endorsement" ("the professional liability exclusion").

19. The professional liability exclusion is limited to bodily injury liability arising out of the rendering or failure to render professional services by KTA.

20. The exclusion defines professional services to include (1) "preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications" and (2) "supervisory, inspection, architectural or engineering activities."

21. As a result of Liberty's wrongful denial of coverage to NYSTA, HDI-Gerling paid, and continues to pay for NYSTA's defense costs.

## FIRST CAUSE OF ACTION

22. HDI-Gerling repeats and realleges paragraphs 1 through 21 as if fully set forth herein.

23. As an insured under the OCP policy, NYSTA is entitled to coverage in connection with the underlying action and the NYSTA-KTA action.

24. Liberty's February 16, 2006 letter disclaiming any obligation to defend or indemnify NYSTA under the OCP policy in connection with the underlying accident, claim or suit(s) was untimely, improper and failed to comply with the requirements set forth in Insurance Law § 3420(d).

25. As a result of Liberty's wrongful denial of coverage to NYSTA, HDI-Gerling paid, and continues to pay, for NYSTA's defense costs.

26. Pursuant to the OCP policy, Liberty must reimburse HDI-Gerling for NYSTA's defense costs in connection with the underlying action and the NYSTA-KTA action.

## SECOND CAUSE OF ACTION

27. HDI-Gerling repeats and realleges paragraphs 1 through 26 as if fully set forth herein.

28. As an additional insured under the CGL policy, NYSTA is entitled to coverage in connection with the underlying action and the NYSTA-KTA action.

29. Liberty's April 16, 2008 letter disclaiming any obligation to defend or indemnify NYSTA in connection with the underlying accident, claim or suit(s) under the CGL policy improperly relied upon the CGL policy's professional liability exclusion.

30. The professional liability exclusion only excludes bodily injury liability arising out of the rendering or failure to render professional services by KTA.

31. The professional liability exclusion does not apply to the allegations in the underlying action's complaint for ordinary negligence based upon tortuous acts by KTA.

32. As a result of Liberty's wrongful denial of coverage to NYSTA, HDI-Gerling paid, and continues to pay, for NYSTA's defense costs.

33. Pursuant to the CGL policy, Liberty must reimburse HDI-Gerling for NYSTA's defense costs in connection with the underlying action and the NYSTA-KTA action.

5

WHEREFORE, HDI-Gerling America Insurance Company demands judgment declaring that Liberty is obligated to (1) defend and/or indemnify NYSTA in connection with the underlying accident, claim, and suit(s), (2) reimburse HDI-Gerling for NYSTA's defense costs already expended, and for such other and further relief as the Court deems just and proper, together with the costs and disbursements of this action.

Dated: August 12, 2010                KENNEY SHELTON LIPTAK NOWAK LLP

                                       _____
                                       James J. Duggar

                                       510 Rand Building
                                       14 Lafayette Square
                                       Buffalo, New York 14203
                                       Tel.: (716) 853-3801

                                       *Attorneys for plaintiff HDI-Gerling America Insurance Company*

# EXHIBIT 2

## **INDEX OF DOCUMENTS FILED IN STATE COURT ACTION**

1. Summons -- Filed August 13, 2010

2. Complaint -- Filed August 13, 2010